TAYLOR *v.* SPIVEY.

Opinion delivered July 11, 1921.

SCHOOLS AND SCHOOL DISTRICTS—VOLUNTARY CONTRIBUTION—LIABILITY OF COUNTY TREASURER.—Where A and B, interested in a school district, agree between themselves that if a certain sixteenth section of school land should sell for less than $6,400 at public sale, the difference between the sale price and that amount should be presented to the school district to be used as a building fund, and, pursuant to this agreement, A purchased the land for $3,400, and paid that amount to the State Treasurer for the benefit of the public school fund, and shortly thereafter A sold the land to B for $6,400, and deposited $3,000 with the county treasurer, who issued a receipt to A reciting the receipt of the money for the benefit of the building fund of the school district, the county treasurer is bailee of said fund for the benefit of the school district, and is accountable therefor in his official settlement with such district.

Appeal from St. Francis Circuit Court, *J. M. Jackson,* Judge; affirmed.

*Mann & Mann,* for appellant.

1. Has the county court the power under the facts in this case to require the treasurer to give School District No. 27 credit for this fund? Crawford & Moses' Digest, §9110, provides that the proceeds of sale of 16th section lands shall be paid into the State Treasury, and placed to the credit of the county 16th section school fund. An unlawful agreement was made that $3000 should be retained by the district for a building fund. The fund properly belonged to the State, and the treasurer will probably be called on to account for it. He was right in not crediting the amount to the district. 11 Cyc. 446.

2. Is the fund of such character as would render the treasurer and his sureties liable on his bond? The treasurer was not the lawful custodian. This fund was credited by methods not sanctioned by law. The treasurer and his sureties are liable to the rightful owner, but not to one not entitled thereto.

*J. W. Morrow*, for appellees.

Appellant contends that appellant need not account for the fund in question because it was a gift prompted by an invalid agreement between the giver and a third party. Under our theory it does not matter whether the sale was good or bad. The district had a right to receive the gift. It will not do for a bailee to hunt up a paramount claimant. 3 R. C. L. § 17. He cannot question the regularity of the proceedings by which money came into his hands. 29 Cyc. 1440, N. 76. The law is that an officer must account in his official settlement for all funds received by him for departments of which he is the official custodian, regardless of how or why the funds came into his hands. 109 Pac. 199.

HUMPHREYS, J. This is the second appeal in this case. On the first appeal, the judgment of the circuit court was reversed, dismissing appellant's appeal from the county court to the circuit court, with directions to the circuit court to hear the objections which appellants had filed to the report of the appellee, the county treasur-

er, on the ground that he had failed to account in his report to the county court for certain money which, it was alleged, belonged to common school district No. 27 in St. Francis County. Upon remand, the circuit court heard and sustained the objections to the report and rendered judgment against said county treasurer, George P. Taylor, and his bondsmen, for the sum of $3,000 and interest, alleged to have been received by said county treasurer for said school district, for which amount he failed to account in his report. From that judgment an appeal has been duly prosecuted to this court.

The facts developed upon the hearing are, in substance, as follows: State school lands lying within said district were advertised, according to law, and sold by the sheriff of the county at public sale to the highest bidder. J. S. R. Cowan and B. C. Friar, being interested in the land and school district, agreed between themselves that, if the land sold for less than $6,400 at the sale, the difference between the sale price and that amount should be presented to said district, to be used as a building fund. Pursuant to this agreement, J. S. R. Cowan purchased the land at the sale for $3,400, and that amount was paid in cash to the sheriff, who, in turn, paid it to the treasurer of the State for the benefit of the public school fund. Shortly thereafter, Cowan sold the land to B. C. Friar, and, in addition to the purchase price of $3,400, received an additional check for $3,000 as a donation or gift to said school district No. 27. Either the check or the money derived therefrom was deposited by Cowan in the Planters' Bank & Trust Company, at Forrest City, to the credit of George P. Taylor, as county treasurer. Thereupon, the treasurer issued the following receipt to Cowan:

"$3,000.00                    Oct. 2nd, 1917.

Received of J. S. R. Cowan, three thousand dollars, deposited by J. S. R. Cowan to be placed to the credit

of the building fund for School District No. 27, St. Francis County, Ark. Ck. of B. C. Friar.

"George P. Taylor, County Treasurer."

The fund was checked out of the bank on checks signed by the county treasurer, but was used by the said George P. Taylor personally.

Appellant contends that the court erred in requiring him to account to said school district No. 27 for the sum of $3,000 deposited by J. S. R. Cowan at the Planters' Bank & Trust Company in Forrest City for him, and for which he receipted as county treasurer, because the fund was in fact a part of the general school fund of the State, and properly payable to the State Treasurer. The record of the sale of said school land does not so show. On the contrary, it shows that the land sold for $3,400, and that the amount of the bid was paid to the collector for the benefit of the general school fund of the State. It is true that an unlawful agreement was entered into by the purchasers to give $3,000 to the school district No. 27 in lieu of bidding the additional $3,000 at the sale. If the State was defeated by reason of the illegal combination from obtaining this additional sum for the general school fund, the remedy to the State is twofold: Either to sue the purchasers for the fair price of the property or to rescind the sale and recover the land. The record reflects that the said sum of $3,000 was in the nature of a gift to said school district No. 27 by the purchasers at the sale and was so received by the county treasurer, and that it was not received by him as a part of the State school fund. By the receipt of same as county treasurer for the use and benefit of school district No. 27, the county treasurer became a public bailee of said fund for said district. Appellant, by virtue of his office, was the official custodian of the funds of said school district No. 27, and, having received the funds in his official capacity, is accountable for them in his official settlement to said district, regardless of the means

through which the funds were acquired. *Skagit County v. American Bonding Co. of Baltimore,* 109 Pac. (Wash.) 199.

No error appearing, the judgment is affirmed.